BOGERT ET AL. v. ADAMS ET AL.

CONTRACTS—ATTACHMENT.

Plaintiffs were employed as attorneys at law by defendants to institute and prosecute a suit for damages in their behalf, and were by the agreement to receive as compensation a certain per cent of such amount as might be recovered. Suit was brought by plaintiffs, which, during pendency, was settled by the defendants, who received a sum certain in full satisfaction of their claim, and refused to pay plaintiffs the percentage due them. *Held*, the contract not specifying the time when plaintiffs' compensation should be paid, it was payable when their services were completed; and, further, that an attachment in aid of their action to recover it should have been sustained.

*Error to the District Court of Pueblo County.*

Messrs. WHITE & ESSEX and Mr. T. O. BOGERT, for plaintiffs in error.

Mr. GEORGE W. COLLINS and Mr. HORTON POPE, for defendants in error.

THOMSON, J., delivered the opinion of the court.

On the 7th day of April, 1892, the plaintiffs, Bogert & White, attorneys at law in Pueblo, entered into a contract in writing with the defendants, C. R. and Lulu Adams, whereby they agreed to institute and prosecute a suit in favor of the defendant Lulu Adams against The Pueblo City Railway Company for damages on account of injuries received by her on a car of the Railway Company, and whereby, in consideration of their services in that behalf, the defendants agreed to pay to them forty per cent of such amount as might be recovered. The plaintiffs accordingly brought the suit, and while it was pending the defendants settled the claim with the Railway Company, receiving $600 in full satisfaction, and refused to pay the plaintiffs the percentage due them,

which by the terms of the contract would amount to $240, and to recover which this suit was brought.

The plaintiffs caused a writ of attachment to be issued in aid of their suit, alleging, as one of the grounds, that the demand was for the price and value of services rendered by the plaintiffs at the instance of the defendants, and which should have been paid when such services were fully rendered. The affidavit for attachment was traversed by the defendants. The plaintiffs had judgment for the amount of their demand, but the attachment was dissolved; and to reverse the judgment of dissolution the plaintiffs have prosecuted error to this court.

On the trial the facts appeared as we have given them. The attachment should have been sustained. The defendants employed the plaintiffs to prosecute a suit in behalf of Lulu Adams, and agreed to pay them forty per cent of the amount recovered as compensation for their services. The contract not specifying the time when the plaintiffs' compensation should be paid, it was payable when their services were completed. When the defendants settled the claim, and received the money, the plaintiffs had no further service to perform, and the price of their services was due. There was no conflict in the evidence, and the plaintiffs established their right to an attachment beyond peradventure. The judgment dissolving the attachment was erroneous. It is therefore reversed, and the cause remanded, with instruction to the court below to enter a judgment sustaining the attachment.

*Reversed.*